Reginald Marcel Johnson
SID# 17690471
Two Rivers Correctional Inst.
82911 Beach Access Road
Umatilla, OR 97882

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| REGINALD MARCEL JOHNSON, Plaintiff v. DR. GARTH GULLICK, Snake River Correctional Health Care Provider, In his Individual Capacity; DR. MICHAEL ADCOX, Contract Nephrologist for Snake River Correctional, In his Individual Capacity; DR. WARREN ROBERTS, Oregon Department of Corrections Medical Director, In his Individual Capacity. Defendants. | Civil Action No. 2:24-cv-00941-AR _____ CIVIL RIGHTS COMPLAINT 42 U.S.C.A §§ 1983 MALPRACTICE DELIBERATE INDIFFERENCE EIGHT AMEMDMENT VIOLATION JURY TRIAL DEMANDED (F.R.Civ.P. Rule 38) |

COMES NOW, Reginald Marcel Johnson SID# 17690471, plaintiff *pro se,* who presents

the following civil-rights complaint and claims for declaratory, compensatory nominal,

and punitive damages as follows:

# I. INTRODUCTION

1.  This is a 1983 Civil Rights suit to redress violations of Plaintiff constitutional rights by the above-name defendant's, their agents and assigns who operate under the color of the laws of the State of Oregon in violation of plaintiff Fifth, Fourteenth, and Eight Amendments to the United States Constitution, 42 U.S.C.A. §§ 1983, and the Constitution and the Laws of the State of Oregon, and the laws of the United States.

2.  That at all material times relevant herein, Plaintiff is an adult in custody, incarcerated by the Oregon Department of Corrections, is under the care, custody and control of the Oregon Department of Corrections, and under the medical care and supervision of the Health Service Department of the Oregon Department of Corrections. At the time the injuries alleged herein were sustained, plaintiff was restrained by and incarcerated by the Department of Corrections and is incarcerated at Snake River Correctional Institution, located in Ontario, Oregon, Malheur County, Oregon.

## II. Jurisdiction

3.  This Court has jurisdiction over plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 and 1334(a)(3).

## III. Venue

4.  The District of Oregon is an appropriate venue under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## IV. Parties

5.    Plaintiff Reginald Marcel Johnson was at all times related to this complaint housed at Snake River Correctional Institution (SRCI), located in Ontario, Oregon.

6.    Defendant Dr. Garth Gullick was at all times relevant to this action the health care provider at SRCI. Under Oregon State Law, ORS 677.095 A physician licensed to practice medicine or podiatry by the Oregon Medical Board has the duty to use that degree of care, skill and diligence that is used by ordinarily careful physicians in the same or similar circumstances in the community of the physician or a similar community. He is sued in his individual capacity.

7.    Under Oregon State Law, ORS 423.020 the Department of Corrections (DOC) is responsible for providing adequate medical care for persons confined.

8.    Defendant Dr. Michael Adcox was at all times relevant to this action a Nephrologist contracted by the Oregon Department of Correction from the state of Idaho to provide medical services to SRCI. Under Oregon State Law, ORS 677.095 A physician licensed to practice medicine or podiatry by the Oregon Medical Board has the duty to use that degree of care, skill and diligence that is used by ordinarily careful physicians in the same or similar circumstances in the community of the physician or a similar community. He is sued in his individual capacity

9.    Dr. Warren Roberts was at all times relevant to this action an employee of Department of Corrections and Medical Doctor and Chief Medical Officer of the Department of

Corrections. This defendant was charged with the ongoing care of plaintiff's medical needs. This defendant is further responsible for the level and degree of professional expertise of the doctors and other medical staff under his supervision. He is sued in his individual capacity.

## V. Exhaustion of Administrative Remedies

10.    Plaintiff has exhausted his administrative remedies as required by the Prison Litigation Reform Act.

## Factual Allegations

### Defendants' Deliberate Indifference

11.    On or about January 2008 plaintiff arrived at Snake River Correctional Institution (SRCI), housed in general population.

12.    On or about March 8, 2018 the plaintiff had an in person visit with defendant, Dr. Gullick where he was advised his blood work shows that his kidney function (GFR) had declined to 43L[1]. Plaintiff was then told he would be scheduled to see a Nephrologist.

13.    Estimated GFR Reference Range: Less than 60 = Chronic Kidney Disease, if found over a 3-month period.; Less than 15 = Kidney failure; For African Americans, multiply the calculated GFR by 1.21. Per Interpath Laboratory whom was the preforming laboratory.

14.    A major component of CKD management is reduction of cardiovascular risk. It is recommended that patients aged 50 years or older with CKD be treated with a low to

---

[1] L = Low

moderate dose statin regardless of low-density lipoprotein cholesterol level.[2]

15.    The Kidney Disease: Improving Global Outcomes (KDIGO) guidelines further recommend that adults with urine ACR of at least 30 mg per 24 hours (or equivalent) have systolic and diastolic blood pressures maintained below 130 mm Hg and 80 mm Hg, respectively.[3]

16.    Many guidelines provide algorithms which agents should be used to treat hypertension in people with CKD. Presence and severity of albuminuria should be evaluated. Blockade of the renin-angiotensin-aldosterone system with either an angiotensin-converting enzyme inhibitor (ACE-1) or an angiotensin II receptor blocker (ARB) is recommended for adults with diabetes and a urine ACR of at least 30 mg per 24 hours or any adult with urine ACR of at least 300 mg per 24 hours.

17.    A medical need is "serious," for purposes of a claim under the Eighth Amendment for deliberate indifference to a serious medical need, if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention, and if untreated could result in further significant injury or unnecessary pain, and that significantly affects the person's daily activities or features chronic and substantial pain. Burkett v. Wicker, 4354 F. Supp. 2d 875, (June 14, 2006).

///

---

[2] HHS Public Access; Published in final edited form as: October 1, 2019
[3] Refer to footnote 2

18.    On July 16, 2018 after blood draw, plaintiff's GFR was 43L, multiplied by
       1.21 = 52.03L.

19.    As to the claim in paragraph 18, Defendants Gullick, Adcox, and Roberts did not
       provide any preventive treatment, education, or renal diet to the plaintiff to slow down
       the progression of his chronic kidney disease or preventive measures taken to prevent
       the possibility of dialysis. Defendants was negligent in that they had a degree of
       professional care to exercise when faced with a patient under their care who was
       suffering the effects as the plaintiff was suffering, constituting deliberate indifference.

20.    On October 24, 2018 after blood draw, plaintiff's GFR was 46L, multiplied by
       1.21 = 55.66L.

21.    As to the claim in paragraph 20, Defendants Gullick, Adcox, and Roberts did not
       provide any preventive treatment, education, or any renal diet provided to the plaintiff to
       slow down the progression of his chronic kidney disease or preventive measures taken to
       prevent the possibility of dialysis. Defendants was negligent in that they had a degree of
       professional care to exercise when faced with a patient under their care who was
       suffering the effects as the plaintiff was suffering, constituting deliberate indifference.

22.    On February 25, 2019 after blood draw, plaintiff's GFR was 48L, multiplied by 1.21 =
       58.08L.

23.    As to the claim in paragraph 22, Defendants Gullick, Adcox, and Roberts did not

provide any preventive treatment, education, or any renal diet provided to the plaintiff to slow down the progression of his chronic kidney disease or preventive measures taken to prevent the possibility of dialysis. Defendants was negligent in that they had a degree of professional care to exercise when faced with a patient under their care who was suffering the effects as the plaintiff was suffering, constituting deliberate indifference.

24.    Plaintiff's deterioration of his kidneys accelerated from previous months, as of December 30, 2019 plaintiff's GFR was 38L, multiplied by 1.21 = 45.98L.

25.    As to the claim in paragraph 24, Defendants Gullick, Adcox, and Roberts did not provide any preventive treatment, education, or any renal diet provided to the plaintiff to slow down the progression of his chronic kidney disease or preventive measures taken to prevent the possibility of dialysis. Defendants was negligent in that they had a degree of professional care to exercise when faced with a patient under their care who was suffering the effects as the plaintiff was suffering, constituting deliberate indifference.

26.    On May 12, 2020 after blood draw, plaintiff's GFR was 42L multiplied by 1.21 = 50.82L.

27.    As to the claim in paragraph 26, Defendants Gullick, Adcox, and Roberts did not provide any preventive treatment, education, or any renal diet provided to the plaintiff to slow down the progression of his chronic kidney disease or preventive measures taken to prevent the possibility of dialysis. Defendants was negligent in that they had a degree of professional care to exercise when faced with a patient under their care who was

suffering the effects as the plaintiff was suffering, constituting deliberate indifference.

28.    On June 8, 2020 after blood draw, plaintiff's GFR was 38L multiplied by

1.21 = 45.98L.

29.    As to the claim in paragraph 28, Defendants Gullick, Adcox, and did not

provide any preventive treatment education, or any renal diet provided to the plaintiff to

slow down the progression of his chronic kidney disease or preventive measures taken to

prevent the possibility of dialysis. Defendants was negligent in that they had a degree of

professional care to exercise when faced with a patient under their care who was

suffering the effects as the plaintiff was suffering, constituting deliberate indifference.

30.    On February 26, 2021 after blood draw, plaintiff's GFR was 32L multiplied by

1.21 = 38.72L.

31.    As to the claim in paragraph 30, Defendants Gullick, Adcox, and Roberts did not

provide any preventive treatment, education, or any renal diet provided to the plaintiff to

slow down the progression of his chronic kidney disease or preventive measures taken to

prevent the possibility of dialysis. Defendants was negligent in that they had a degree of

professional care to exercise when faced with a patient under their care who was

suffering the effects as the plaintiff was suffering, constituting deliberate indifference.

32.    On August 16, 2021 after blood draw, plaintiff's GFR was 24L multiplied by

1.21 = 29.04L.

33.    As to the claim in paragraph 32, Defendants Gullick, Adcox, and Roberts did not

provide any preventive treatment, education, or any renal diet to the plaintiff to slow

down the progression of his chronic kidney disease or preventive measures taken to

prevent the possibility of dialysis. Defendants was negligent in that they had a degree of

professional care to exercise when faced with a patient under their care who was

suffering the effects as the plaintiff was suffering, constituting deliberate indifference.


34.    On January 4, 2022 after blood draw, plaintiff's GFR was 23L multiplied by

1.21 = 27.83L.


35.    As to the claim in paragraph 34, Defendants Gullick, Adcox, and Roberts did not

provide any preventive treatment, education, or any renal diet to the plaintiff to slow

down the progression of his chronic kidney disease or preventive measures taken to

prevent the possibility of dialysis. Defendants was negligent in that they had a degree of

professional care to exercise when faced with a patient under their care who was

suffering the effects as the plaintiff was suffering, constituting deliberate indifference.


36.    On January 28, 2022 after blood draw, plaintiff's GFR was 26L multiplied by

1.21 = 31.46L.


37.    As to the claim in paragraph 36, Defendants Gullick, Adcox, and Roberts did not

provide any preventive treatment, education, or any renal diet to the plaintiff to slow

down the progression of his chronic kidney disease or preventive measures taken to

prevent the possibility of dialysis. Defendants was negligent in that they had a degree of

professional care to exercise when faced with a patient under their care who was

suffering the effects as the plaintiff was suffering, constituting deliberate indifference.

38.    On February 28, 2022 after blood draw, plaintiff's GFR was 20L multiplied by

1.21 24.2L.

39.    As to the claim in paragraph 38, Defendants Gullick, Adcox, and Roberts did not

provide any preventive treatment, education, or any renal diet to the plaintiff to slow

down the progression of his chronic kidney disease or preventive measures taken to

prevent the possibility of dialysis. Defendants was negligent in that they had a degree of

professional care to exercise when faced with a patient under their care who was

suffering the effects as the plaintiff was suffering, constituting deliberate indifference.

40.    On May 24, 2022 after blood draw, plaintiff's GFR was 16L multiplied by

1.21 = 19.36L.

41.    As to the claim in paragraph 40, Defendants Gullick, Adcox, and Roberts did not

Provide any preventive treatment, education, or any renal diet to the plaintiff to slow

down the progression of his chronic kidney disease or preventive measures taken to

prevent the possibility of dialysis. Defendants was negligent in that they had a degree of

professional care to exercise when faced with a patient under their care who was

suffering the effects as the plaintiff was suffering, constituting deliberate indifference.

///

42.     On June 13, 2022 after blood draw, plaintiff's GFR was 14 multiplied by

1.21 16.94L.


43.     As to the claim in paragraph 42, Defendants Gullick, Adcox, and Roberts did not

provide any preventive treatment, education, or any renal diet to the plaintiff to slow

down the progression of his chronic kidney disease or preventive measures taken to

prevent the possibility of dialysis. Defendants was negligent in that they had a degree of

professional care to exercise when faced with a patient under their care who was

suffering the effects as the plaintiff was suffering, constituting deliberate indifference.


44.     On August 10, 2022 after blood draw, plaintiff's GFR was 13 multiplied by

1.21 = 15.73L.


45.     As to the claim in paragraph 44, Defendants Gullick, Adcox, and Roberts did not

provide any preventive treatment, education, or any renal diet to the plaintiff to slow

down the progression of his chronic kidney disease or preventive measures taken to

prevent the possibility of dialysis. Defendants was negligent in that they had a degree of

professional care to exercise when faced with a patient under their care who was

suffering the effects as the plaintiff was suffering, constituting deliberate indifference.


46.     On October 24, 2022 after blood draw, plaintiff's GFR was 14 multiplied by

1.21 = 16.94L.


47.     As to the claim in paragraph 46, Defendants Gullick, Adcox, and Roberts did not

provide any preventive treatment, education, or any renal diet to the plaintiff to slow

down the progression of his chronic kidney disease or preventive measures taken to

prevent the possibility of dialysis. Defendants was negligent in that they had a degree of

professional care to exercise when faced with a patient under their care who was

suffering the effects as the plaintiff was suffering, constituting deliberate indifference.

48.    Upon information and belief, Dr. Warren Roberts at all times relevant to this complaint

    was fully informed of the plaintiff's condition and serious medical needs.

49.    Plaintiff, state prisoner, is alleging deliberate indifference to his serious medical needs in

    violation of the Eight Amendment. The above-named defendants were negligent in their

    care and responsibility when they, the defendants, refused to continue with immediate

    medical care of the plaintiff. Plaintiff contends that the abnormal conditions have

    become manifest for purposes of this suit since defendants have known of plaintiff

    diagnoses condition, which has incapacitated and prevented plaintiff from pursuing his

    normal duty was violation of his guaranteed right under the constitution to be free from

    cruel and unusual punishment.

50.    Plaintiff contends, the defendants or their agents, under the color of law of the State of

    Oregon and under Federal law, have instituted and maintain acts, practices, or omissions

    at Snake River Correctional Institution which are quietly calculated to deny plaintiff a

    right under the Eight Amendment. These defendants disregarded a substantial risk of

    serious medical need when they knew that their actions/omissions would cause plaintiff

    pain and suffering.

51.     The defendants have a duty to do so more that simply provide some treatment to a

        prisoner who has serious medical needs; instead, the defendants must provide medical

        treatment to the plaintiff without consciously exposing the plaintiff to an excessive risk

        of serious harm.


52.     Defendants Gullick, Adcox, and Warren lack penological and /or security to treat

        plaintiff in the manner as described above during the time period of June 2019 through

        November 23, 2022.


53.     Defendants Gullick, Adcox, and Warren acted wantonly, maliciously, and willfully.


### V. CAUSE OF ACTION

54.     Plaintiff support the following claims by reference to the previous paragraph of this

        complaint.

### Count I

**Plaintiff was subjected to Cruel and Unusual Punishment
In violation of the Eight Amendment to the Constitution**


55.     Plaintiff incorporates paragraphs 1 through 52 as though they were stated fully herein.


56.     Defendants Gullick, Adcox and Roberts violated Plaintiff's Eight Amendment right to be

        free from cruel and unusual punishment by not providing the community standard of

        care when diagnosing Plaintiff with chronic kidney disease, a serious medical need.

57.    Defendants Gullick, Adcox and Roberts violated Plaintiff's Eight Amendment right to be
free from cruel and unusual punishment by depriving plaintiff of preventive treatment,
education, and renal diet to slow down plaintiff's progression of chronic kidney disease
and prevent the possibility of dialysis.

## Count II

### Plaintiff was Denied Due Process
### Under the Fourteenth Amendment

58.    Plaintiff incorporates paragraphs 1 through 52 as though they were stated fully herein.

59.    Defendants Gullick, Adcox and Roberts violated Plaintiff's Fourteenth Amendment
rights to Due Process by continuously depriving plaintiff the community standard of care
to his serious medical needs from June 2019 to November 23, 2022.

60.    Defendants Gullick, Adcox and Roberts violated plaintiff's Fourteenth Amendment
rights to Due Process by continuously depriving plaintiff preventive treatment,
education, and renal diet to slow down plaintiff's progression of his chronic kidney
disease and prevent the possibility of dialysis.

## Count III

### Plaintiff suffered Intentional Infliction of Emotional Distress
### Subjected him to Cruel and Unusual Punishment
### In violation of the Eight Amendment to the Constitution

61.    Plaintiff incorporates paragraphs 1 through 52 as though they were stated fully herein.

62.    In the actions of defendants Gullick, Adcox, and Roberts delineated within these

paragraphs I through 52 herein, plaintiff has suffered as the result of the actions of defendants the intentional infliction of severe emotional distress. In any ordinary or normal sense, defendants intended to inflict severe mental or emotional distress upon plaintiff, and there are a special relationship existing between the plaintiff, the defendants, and the defendants jointly and severally caused such distress. The nature and extent of the acts of defendants were of such egregious transgression of the bounds of socially tolerable conduct that exceeded any reasonable limit of social toleration. The quality of emotional distress upon plaintiff includes such mental reactions as fright, humiliation, embarrassment, anger, disappointment and worry.

63.     The emotional distress suffered by plaintiff is severe. The intensity and duration of the distress are factors in determining its severity. While physical manifestations are evidence of severe emotional distress, it is the distress that must be severe and not the physical manifestations. The emotional distress is such that a reasonable person of ordinary sensibilities would suffer under the circumstances. Plaintiff's distress is neither unreasonable nor exaggerated, and results from a particular susceptibility.


///


///


///


///

## VI. PRAYER FOR RELIEF

WHERERFORE, plaintiff respectfully prays that this Court:

a.  Declare that the acts and omissions described herein violated plaintiff's rights under the Constitution and laws of the United States.

b.  Enter judgment in favor of plaintiff for declaratory, compensatory, nominal, and punitive damages, as allowed by law, against each defendant, jointly and severally.

c.  Order such additional relief as this Court may deem just and proper.

*Reginald Marcel Johnson SID# 17690471*

## VII. VERIFICATION

Pursuant to 28 U.S.C. § 1746, I Reginald M. Johnson, declare and verify, under penalty of perjury under the laws of the United States of America, that I have read the foregoing and that it is true and correct to the best of my knowledge and belief.

*Reginald Marcel Johnson SID# 17690471*

## CERTIFICATE OF SERVICE

**CASE NAME:** _Johnson_ v. _Gullick, et, al._

**CASE NUMBER:** (if known) _N/A_

COMES NOW, _Reginald Marcel Johnson_, and certifies the following:

That I am incarcerated by the Oregon Department of Corrections at <u>Two Rivers Correctional Institution (TRCI)</u>.

That on the _12th_ day of _June_, 20_24_, I personally gave Two Rivers Correctional Institution's e-filing service A TRUE COPY of the following:

_1983 Civil Complaint_

_In Forma Pauperis Application_

_Motion for Pro Bono Counsel_

_Civil Cover Sheet_

_6- Month Print out_

_Copy of Check # 01136597_

_Grievances_

_Reginald Marcel Johnson_
(Signature)

Print Name _Reginald Marcel Johnson_

S.I.D. No.: _17690471_

05-42B



**Oregon**

Tina Kotek, Governor

**Department of Corrections**
Health Services Division
3723 Fairview Industrial Drive SE, Ste 200
Salem, OR 97302
(503) 378-5593
Fax (503) 378-5597

March 12, 2024

Reginald Johnson, SID #17690471
Two Rivers Correctional Institution
82911 Beach Access Rd
Umatilla, OR 97882

RE:     Grievance Appeal TRCI-2023-11-021AA

Dear AIC Johnson:

This letter is in response to the above referenced grievance appeal regarding your kidney function and appropriate medical care.

I have reviewed your second grievance appeal, and I support the medical opinion of Dr. Warren Roberts, Medical Director.

On February 13, 2024, you met with your provider regarding your concerns in the previous appeal response regarding kidney transplant.

You are currently scheduled for a follow up with Kadlec for removal of CVC.

You will be scheduled for a follow up appointment with your provider to answer any additional questions and discuss your treatment plan regarding your kidney function.

Health Services is committed to providing care that is respectful, compassionate, objective, and non-judgmental. The best way for you to achieve your healthcare goals is to continue working with the Health Services staff. Please feel free to communicate your medical needs with the healthcare staff.

Thank you for addressing your concerns appropriately. This concludes the grievance review process for this matter.

Sincerely,

J. Bugher
Assistant Director, Health Services

JB/dw

CC:     A. Eynon, Grievance Coordinator, TRCI

RECEIVED
MAR 29 2024
TRCI GRIEVANCE OFFICE

SENT
APR 01 2024
TRCI GRIEVANCE OFFICE

## GRIEVANCE APPEAL FORM

Name: __Johnson, Reginald M.__   __17690471__   __5-42B__
     Last       First     Initial      SID#     Cell/Block/Bunk #

List in detail all the reasons you disagree with the original grievance response or initial appeal response. (For the initial appeal, attach original grievance form and staff response. For the final appeal, attach the initial appeal form and response as well as the original grievance and response.)

This is my final Appeal and response to your answer dated January 22, 2024. My issue is not whether are not that I'm currently ~~receiving~~ receiving appropriate medical care. My issue is, you did not provide the recognized community medical standard to treat my declining Kidney function when identified through blood labs. Also, I did not receive appropriate medical care when transferred to TRCI in November 2022. I repeatedly asked for assistance to no avail, until I was transferred to Kadlec Medical because of the pontential of death by the weekend. That is not the meaning of community standard of care. Since you choose not to address my issues, I intend to take this matter to court.

Describe what action you want taken to resolve the grievance appeal if different from original grievance submission.

Provide recognized medical standard of care and not sit back waiting for individual to Die.

__2-3-24__
Date

__Reginald M. Johnson__
Signature

| Receiving Facility (If not processing facility) | Received at Processing Facility | Accepted/Denied/RFC | Accepted/Denied/RFC |
|---|---|---|---|
| | RECEIVED FEB 05 2024 TRCI GRIEVANCE OFFICE | ACCEPTED FEB 15 2024 TRCI GRIEVANCE OFFICE | |
| Date Stamp | Date Stamp | Date Stamp | Date Stamp |

05-42B



Tina Kotek, Governor

**Department of Corrections**
Health Services Division
3723 Fairview Industrial Drive SE, Ste 200
Salem, OR 97302
(503) 378-5593
Fax (503) 378-5597

January 22, 2024

Reginald Johnson, SID #17690471
Two Rivers Correctional Institution
82911 Beach Access Rd
Umatilla, OR 97882

RE:    Grievance Appeal TRCI-2023-11-021A

Dear AIC Johnson:

This letter is in response to the above referenced grievance appeal concerning your kidney function.

A review of your health care record shows that your labs and kidney function were being closely monitored, and appropriate referrals to the nephrologist made.

In November 2022, you were transferred to TRCI for appropriate medical care, and you were started on dialysis. You continue to receive appropriate monitoring with the nephrologist and regular dialysis.

I find that you are receiving appropriate medical care that is consistent with community standards.

You will be scheduled for a follow up appointment with a provider to answer any additional questions.

Health Services is committed to providing care that is respectful, compassionate, objective, and non-judgmental. The best way for you to achieve your healthcare goals is to continue working with the Health Services staff. Please feel free to communicate your medical needs with the healthcare staff.

Sincerely,

Warren Roberts, M.D., F.A.A.N.S
Medical Director

WR/cd

CC:    A. Eynon, Grievance Coordinator, TRCI

RECEIVED
JAN 22 2024
TRCI GRIEVANCE OFFICE

SENT
JAN 22 2024
TRCI GRIEVANCE OFFICE

Case 2:24-cv-00941-AR     Document 2     Filed 06/12/24     Page 21 of 23

## GRIEVANCE APPEAL FORM

Name: __Johnson, Reginald M.__     __17149047/__     __5-42B__
     Last       First       Initial       SID#       Cell/Block/Bunk #

List in detail all the reasons you disagree with the original grievance response or initial appeal response. (For the initial appeal, attach original grievance form and staff response. For the final appeal, attach the initial appeal form and response as well as the original grievance and response.)

This is my first appeal in Response to grievance #2023-11-021.
I find it very interesting you chose not to respond to my
allegation for not receiving treatment for my serious medical
need through recognized medical standard of care. I do
accept your answer in regards to; monitoring, referral to
Nephrologist Michael Adcox, As originally stated, I did not receive
adequate medical care to my serious medical need. What's the
purpose of monitoring when you are not going to act when my
kidney functions reaches critical stage? Also you state I was
transferred to TRCI for appropriate dialysis care in March of 2023
This is not correct. I was transferred on November 23, 2022
for appropriate dialysis care but TRCI failed in that regard where
my GFR was (2) and I almost died and was transferred to Kadlec,

Describe what action you want taken to resolve the grievance appeal if different from original grievance submission.

State facts accurately and make good faith effort to Resolve.
Other Resolutions will be discussed at a later date.

__12-31-23__
Date

*Reginald M. Johnson*
Signature

| Receiving Facility (If not processing facility) | Received at Processing Facility | Accepted/Denied/RFC | Accepted/Denied/RFC |
|---|---|---|---|
| | **RECEIVED** JAN 02 2024 TRCI GRIEVANCE OFFICE | **ACCEPTED** JAN 10 2024 TRCI GRIEVANCE OFFICE | |
| Date Stamp | Date Stamp | Date Stamp | Date Stamp |



**GRIEVANCE RESPONSE FORM**

**TO BE FILLED OUT BY STAFF**

Grievance #: TRCI-2023-11-021

TO: Johnson, Reginald          17690471

      Name of grievant          SID #

FROM: C. Gettmann          RN

      Name of respondent          Title

List, in detail, action(s) taken. (What action was taken? Was the action what the AIC requested? If not, why? Who took the action? When was the action taken – date/time?)

This letter is in response to the above grievance regarding your kidney function.

Documentation in your medical file show that your labs were monitored, and appropriate referrals were made with nephrology. You were transferred to TRCI for appropriate dialysis care in March of 2023.

I find that appropiate monitoring, referrals, and treatment have been provided and are ongoing at this time.

**Do not type past this line**

November 29, 2023          Page 1 of 1

Date:

Signature of Staff Member

Signature of Supervisor (Print/Sign)

RN

| Receiving Facility (if not processing facility) | Received at Processing Facility | Sent to AIC |
|---|---|---|
| | RECEIVED DEC 27 2023 TRCI GRIEVANCE OFFICE | SENT DEC 27 2023 TRCI GRIEVANCE OFFICE |
| Date Stamp | Date Stamp | Date Stamp |

Distribution: White (Original grievance response form)

CD117B (10/19)

Case 2:24-cv-00941-AR    Document 2    Filed 06/12/24    Page 23 of 23 24

## GRIEVANCE FORM

Name: Johnson, Reginald M. 1769047 | 42-5-B
Last        First        Initial        SID#        Cell/Block/Bunk #

Whom are you grieving: DR. Roberts (Medical Director) DR. Gullick & DR. Michael J. Adcoy
SRCI Medical

Please provide the date/time of incident giving rise to grievance: 11-1-23

List in detail all the reasons for your grievance. (What is the problem? When did it happen – date/time/place?) Attach copies of any documents or any material(s), which support your grievance, including the names of any persons you think should be questioned.

I recently received my requested medical records from TRCI medical. Upon review today 11-1-23 I discovered I had declining Kidney function (GFR) below 60 for 3 consecutive months since Nov 2009 and more. This is considered Chronic Kidney Disease (CKD) and this was not discussed with me, nor was there a treatment plan to prevent potential dialysis or slow down the progress of my CKD. All parties listed above was fully aware of my serious medical need and did nothing to prevent or eleviate the pain and suffering. This is a direct violation of ORS 423.020 for not providing adequate medical to my serious medical needs through the recognized medical standard of care. This matter falls under the continue violation Doctrine. /End of Statement/

Describe what action you want taken to resolve the grievance. (How can the problem be solved?)
TBD at a later date.

11-1-23
Date

_Reginald M. Johnson_
Signature

| Receiving Facility (If not processing facility) | Received at Processing Facility | Accepted/Denied/RFC | Accepted/Denied/RFC |
|---|---|---|---|
| | RECEIVED NOV 03 2023 TRCI GRIEVANCE OFFICE | ACCEPTED NOV 17 2023 TRCI GRIEVANCE OFFICE | |
| Date Stamp | Date Stamp | Date Stamp | Date Stamp |