Reginald Marcel Johnson
SID# 17690471
Two Rivers Correctional Inst.
82911 Beach Access Road
Umatilla, OR 97882


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION


| | |
|---|---|
| REGINALD MARCEL JOHNSON,<br><br>Plaintiff<br><br>v.<br><br>DR. GARTH GULLICK, Snake River Correctional Health Care Provider, In his Individual Capacity; IDAHO NEPHROLOGY ASSOCIATES, ET, AL. In their Individual and Official Capacity; DR. WARREN ROBERTS, Oregon Department of Corrections Medical Director, In his Individual Capacity<br><br>Defendants. | Civil Action No. __2:24-cv-00941-AR__<br><br>FIRST AMENDED<br>CIVIL RIGHTS COMPLAINT<br>42 U.S.C.A §§ 1983<br><br>MEDICAL MALPRACTICE<br>DELIBERATE INDIFFERENCE<br>EIGHT AMEMDMENT VIOLATION<br><br><br>JURY TRIAL DEMANDED<br>(F.R.Civ.P. Rule 38) |


COMES NOW, Reginald Marcel Johnson SID# 17690471, plaintiff *pro se,* who presents

the following First Amend Civil-Rights Complaint and claims for declaratory,

compensatory nominal, and punitive damages as follows:

42 U.S.C. § 1983 Civil Complaint          Page 1 of **16**

# I. INTRODUCTION

1.    This is a 1983 Civil Rights suit to redress violations of Plaintiff constitutional rights by

the above-name defendant's, their agents and assigns who operate under the color of the

laws of the State of Oregon in violation of plaintiff Fifth, Fourteenth, and Eight

Amendments to the United States Constitution, 42 U.S.C.A. §§ 1983, and the

Constitution and the Laws of the State of Oregon, and the laws of the United States.

2.    That at all material times relevant herein, Plaintiff is an adult in custody, incarcerated by

the Oregon Department of Corrections, is under the care, custody and control of the

Oregon Department of Corrections, and under the medical care and supervision of the

Health Service Department of the Oregon Department of Corrections. At the time the

injuries alleged herein were sustained, plaintiff was restrained by and incarcerated by the

Department of Corrections and is incarcerated at Snake River Correctional Institution,

located in Ontario, Oregon, Malheur County, Oregon.

## II. Jurisdiction

3.    This Court has jurisdiction over plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331

and 1334(a)(3).

## III. Venue

4.    The District of Oregon is an appropriate venue under 28 U.S.C. § 1391(b)(2) because a

substantial part of the events or omissions giving rise to the claims occurred in this

district.

## IV. Parties

5.     Plaintiff Reginald Marcel Johnson was at all times related to this complaint housed at Snake River Correctional Institution (SRCI), located in Ontario, Oregon.

6.     Defendant Dr. Garth Gullick was at all times relevant to this action the health care provider at SRCI. Under Oregon State Law, ORS 677.095 A physician licensed to practice medicine or podiatry by the Oregon Medical Board has the duty to use that degree of care, skill and diligence that is used by ordinarily careful physicians in the same or similar circumstances in the community of the physician or a similar community. He is sued in his individual capacity.

7.     Under Oregon State Law, ORS 423.020 the Department of Corrections (DOC) is responsible for providing adequate medical care for persons confined.

8.     Defendants Idaho Nephrology Associates and through Dr. Michael Adcox was at all times relevant to this action, provided inadequate medical services while treating the plaintiff chronic kidney disease and was contracted by the Oregon Department of Correction from the state of Idaho to provide medical services to SRCI. Under Oregon State Law, ORS 677.095 A physician licensed to practice medicine or podiatry by the Oregon Medical Board has the duty to use that degree of care, skill and diligence that is used by ordinarily careful physicians in the same or similar circumstances in the community of the physician or a similar community. They are sued in their individual and official capacity.

9.    Dr. Warren Roberts was at all times relevant to this action an employee of Department of Corrections and Medical Doctor and Chief Medical Officer of the Department of Corrections. This defendant was charged with the ongoing care of plaintiff's medical needs. This defendant is further responsible for the level and degree of professional expertise of the doctors and other medical staff under his supervision. He is sued in his individual capacity.

## V. Exhaustion of Administrative Remedies

10.    Plaintiff has exhausted his administrative remedies as required by the Prison Litigation Reform Act.

### Factual Allegations

#### Defendants' Deliberate Indifference

11.    On or about January 2008 plaintiff arrived at Snake River Correctional Institution (SRCI), housed in general population.

12.    On or about March 8, 2018 the plaintiff had an in person visit with defendant, Dr. Gullick where he was advised his blood work shows that his kidney function (GFR) had declined to 43L[1]. Plaintiff was then told he would be scheduled to see a Nephrologist.

13.    Estimated GFR Reference Range: Less than 60 = Chronic Kidney Disease, if found over a 3-month period.; Less than 15 = Kidney failure; For African Americans, multiply the calculated GFR by 1.21. Per Interpath Laboratory whom was the preforming laboratory.

---

[1] L = Low

14.  A major component of CKD management is reduction of cardiovascular risk. It is recommended that patients aged 50 years or older with CKD be treated with a low to moderate dose statin regardless of low-density lipoprotein cholesterol level.[2]

15.  The Kidney Disease: Improving Global Outcomes (KDIGO) guidelines further recommend that adults with urine ACR of at least 30 mg per 24 hours (or equivalent) have systolic and diastolic blood pressures maintained below 130 mm Hg and 80 mm Hg, respectively.[3]

16.  Many guidelines provide algorithms which agents should be used to treat hypertension in people with CKD. Presence and severity of albuminuria should be evaluated. Blockade of the renin-angiotensin-aldosterone system with either an angiotensin-converting enzyme inhibitor (ACE-1) or an angiotensin II receptor blocker (ARB) is recommended for adults with diabetes and a urine ACR of at least 30 mg per 24 hours or any adult with urine ACR of at least 300 mg per 24 hours.

17.  A medical need is "serious," for purposes of a claim under the Eighth Amendment for deliberate indifference to a serious medical need, if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention, and if untreated could result in further significant injury or unnecessary pain, and that significantly affects the person's daily activities or features chronic and substantial pain. Burkett v. Wicker, 4354 F. Supp. 2d 875, (June 14, 2006).

---

[2] HHS Public Access; Published in final edited form as: October 1, 2019
[3] Refer to footnote 2

42 U.S.C. § 1983 Civil Complaint          Page 5 of **16**

///

18.    On July 16, 2018 after blood draw, plaintiff's GFR was 43L, multiplied by

1.21 = 52.03L.

19.    As to the claim in paragraph 18, Defendants Gullick, Adcox, and Roberts did not

provide any preventive treatment, education, or renal diet to the plaintiff to slow down

the progression of his chronic kidney disease or preventive measures taken to prevent

the possibility of dialysis. Defendants was negligent in that they had a degree of

professional care to exercise when faced with a patient under their care who was

suffering the effects as the plaintiff was suffering, constituting deliberate indifference.

20.    On October 24, 2018 after blood draw, plaintiff's GFR was 46L, multiplied by

1.21 = 55.66L.

21.    As to the claim in paragraph 20, Defendants Gullick, Adcox, and Roberts did not

provide any preventive treatment, education, or any renal diet provided to the plaintiff to

slow down the progression of his chronic kidney disease or preventive measures taken to

prevent the possibility of dialysis. Defendants was negligent in that they had a degree of

professional care to exercise when faced with a patient under their care who was

suffering the effects as the plaintiff was suffering, constituting deliberate indifference.

22.    On February 25, 2019 after blood draw, plaintiff's GFR was 48L, multiplied by 1.21 =

58.08L.

23.     As to the claim in paragraph 22, Defendants Gullick, Adcox, and Roberts did not

        provide any preventive treatment, education, or any renal diet provided to the plaintiff to

        slow down the progression of his chronic kidney disease or preventive measures taken to

        prevent the possibility of dialysis. Defendants was negligent in that they had a degree of

        professional care to exercise when faced with a patient under their care who was

        suffering the effects as the plaintiff was suffering, constituting deliberate indifference.

24.     Plaintiff's deterioration of his kidneys accelerated from previous months, as of

        December 30, 2019 plaintiff's GFR was 38L, multiplied by 1.21 = 45.98L.

25.     As to the claim in paragraph 24, Defendants Gullick, Adcox, and Roberts did not

        provide any preventive treatment, education, or any renal diet provided to the plaintiff to

        slow down the progression of his chronic kidney disease or preventive measures taken to

        prevent the possibility of dialysis. Defendants was negligent in that they had a degree of

        professional care to exercise when faced with a patient under their care who was

        suffering the effects as the plaintiff was suffering, constituting deliberate indifference.

26.     On May 12, 2020 after blood draw, plaintiff's GFR was 42L multiplied by

        1.21 = 50.82L.

27.     As to the claim in paragraph 26, Defendants Gullick, Adcox, and Roberts did not

        provide any preventive treatment, education, or any renal diet provided to the plaintiff to

        slow down the progression of his chronic kidney disease or preventive measures taken to

42 U.S.C. § 1983 Civil Complaint        Page 7 of 16

prevent the possibility of dialysis. Defendants was negligent in that they had a degree of

professional care to exercise when faced with a patient under their care who was

suffering the effects as the plaintiff was suffering, constituting deliberate indifference.

28.    On June 8, 2020 after blood draw, plaintiff's GFR was 38L multiplied by

1.21 = 45.98L.

29.    As to the claim in paragraph 28, Defendants Gullick, Adcox, and did not

provide any preventive treatment education, or any renal diet provided to the plaintiff to

slow down the progression of his chronic kidney disease or preventive measures taken to

prevent the possibility of dialysis. Defendants was negligent in that they had a degree of

professional care to exercise when faced with a patient under their care who was

suffering the effects as the plaintiff was suffering, constituting deliberate indifference.

30.    On February 26, 2021 after blood draw, plaintiff's GFR was 32L multiplied by

1.21 = 38.72L.

31.    As to the claim in paragraph 30, Defendants Gullick, Adcox, and Roberts did not

provide any preventive treatment, education, or any renal diet provided to the plaintiff to

slow down the progression of his chronic kidney disease or preventive measures taken to

prevent the possibility of dialysis. Defendants was negligent in that they had a degree of

professional care to exercise when faced with a patient under their care who was

suffering the effects as the plaintiff was suffering, constituting deliberate indifference.

32.    On August 16, 2021 after blood draw, plaintiff's GFR was 24L multiplied by

1.21 = 29.04L.

33.    As to the claim in paragraph 32, Defendants Gullick, Adcox, and Roberts did not provide any preventive treatment, education, or any renal diet to the plaintiff to slow down the progression of his chronic kidney disease or preventive measures taken to prevent the possibility of dialysis. Defendants was negligent in that they had a degree of professional care to exercise when faced with a patient under their care who was suffering the effects as the plaintiff was suffering, constituting deliberate indifference.

34.    On January 4, 2022 after blood draw, plaintiff's GFR was 23L multiplied by 1.21 = 27.83L.

35.    As to the claim in paragraph 34, Defendants Gullick, Adcox, and Roberts did not provide any preventive treatment, education, or any renal diet to the plaintiff to slow down the progression of his chronic kidney disease or preventive measures taken to prevent the possibility of dialysis. Defendants was negligent in that they had a degree of professional care to exercise when faced with a patient under their care who was suffering the effects as the plaintiff was suffering, constituting deliberate indifference.

36.    On January 28, 2022 after blood draw, plaintiff's GFR was 26L multiplied by 1.21 = 31.46L.

37.    As to the claim in paragraph 36, Defendants Gullick, Adcox, and Roberts did not provide any preventive treatment, education, or any renal diet to the plaintiff to slow

down the progression of his chronic kidney disease or preventive measures taken to prevent the possibility of dialysis. Defendants was negligent in that they had a degree of professional care to exercise when faced with a patient under their care who was suffering the effects as the plaintiff was suffering, constituting deliberate indifference.

38.     On February 28, 2022 after blood draw, plaintiff's GFR was 20L multiplied by 1.21 24.2L.

39.     As to the claim in paragraph 38, Defendants Gullick, Adcox, and Roberts did not provide any preventive treatment, education, or any renal diet to the plaintiff to slow down the progression of his chronic kidney disease or preventive measures taken to prevent the possibility of dialysis. Defendants was negligent in that they had a degree of professional care to exercise when faced with a patient under their care who was suffering the effects as the plaintiff was suffering, constituting deliberate indifference.

40.     On May 24, 2022 after blood draw, plaintiff's GFR was 16L multiplied by 1.21 = 19.36L.

41.     As to the claim in paragraph 40, Defendants Gullick, Adcox, and Roberts did not Provide any preventive treatment, education, or any renal diet to the plaintiff to slow down the progression of his chronic kidney disease or preventive measures taken to prevent the possibility of dialysis. Defendants was negligent in that they had a degree of professional care to exercise when faced with a patient under their care who was suffering the effects as the plaintiff was suffering, constituting deliberate indifference.

///

42.   On June 13, 2022 after blood draw, plaintiff's GFR was 14 multiplied by 1.21 16.94L.

43.   As to the claim in paragraph 42, Defendants Gullick, Adcox, and Roberts did not provide any preventive treatment, education, or any renal diet to the plaintiff to slow down the progression of his chronic kidney disease or preventive measures taken to prevent the possibility of dialysis. Defendants was negligent in that they had a degree of professional care to exercise when faced with a patient under their care who was suffering the effects as the plaintiff was suffering, constituting deliberate indifference.

44.   On August 10, 2022 after blood draw, plaintiff's GFR was 13 multiplied by 1.21 = 15.73L.

45.   As to the claim in paragraph 44, Defendants Gullick, Adcox, and Roberts did not provide any preventive treatment, education, or any renal diet to the plaintiff to slow down the progression of his chronic kidney disease or preventive measures taken to prevent the possibility of dialysis. Defendants was negligent in that they had a degree of professional care to exercise when faced with a patient under their care who was suffering the effects as the plaintiff was suffering, constituting deliberate indifference.

46.   On October 24, 2022 after blood draw, plaintiff's GFR was 14 multiplied by 1.21 = 16.94L.

47.    As to the claim in paragraph 46, Defendants Gullick, Adcox, and Roberts did not

provide any preventive treatment, education, or any renal diet to the plaintiff to slow

down the progression of his chronic kidney disease or preventive measures taken to

prevent the possibility of dialysis. Defendants was negligent in that they had a degree of

professional care to exercise when faced with a patient under their care who was

suffering the effects as the plaintiff was suffering, constituting deliberate indifference.

48.    Upon information and belief, Dr. Warren Roberts at all times relevant to this complaint

was fully informed of the plaintiff's condition and serious medical needs.

49.    Plaintiff, state prisoner, is alleging deliberate indifference to his serious medical needs in

violation of the Eight Amendment. The above-named defendants were negligent in their

care and responsibility when they, the defendants, refused to continue with immediate

medical care of the plaintiff. Plaintiff contends that the abnormal conditions have

become manifest for purposes of this suit since defendants have known of plaintiff

diagnoses condition, which has incapacitated and prevented plaintiff from pursuing his

normal duty was violation of his guaranteed right under the constitution to be free from

cruel and unusual punishment.

50.    Plaintiff contends, the defendants or their agents, under the color of law of the State of

Oregon and under Federal law, have instituted and maintain acts, practices, or omissions

at Snake River Correctional Institution which are quietly calculated to deny plaintiff a

right under the Eight Amendment. These defendants disregarded a substantial risk of

serious medical need when they knew that their actions/omissions would cause plaintiff pain and suffering.

51.    The defendants have a duty to do so more that simply provide some treatment to a prisoner who has serious medical needs; instead, the defendants must provide medical treatment to the plaintiff without consciously exposing the plaintiff to an excessive risk of serious harm.

52.    Defendants Gullick, Adcox, and Warren lack penological and /or security to treat plaintiff in the manner as described above during the time period of June 2019 through November 23, 2022.

53.    Defendants Gullick, Adcox, and Warren acted wantonly, maliciously, and willfully.

## V. CAUSE OF ACTION

54.    Plaintiff support the following claims by reference to the previous paragraph of this complaint.

### Count I

### Plaintiff was subjected to Cruel and Unusual Punishment In violation of the Eight Amendment to the Constitution

55.    Plaintiff incorporates paragraphs 1 through 52 as though they were stated fully herein.

56.    Defendants Gullick, Idaho Nephrology Associates, Adcox and Roberts violated Plaintiff's Eight Amendment right to be

free from cruel and unusual punishment by not providing the community standard of

care when diagnosing Plaintiff with chronic kidney disease, a serious medical need.

57.        Defendants Gullick, Idaho Nephrology Associates, Adcox and Roberts violated

Plaintiff's Eight Amendment right to be free from cruel and unusual punishment by

depriving plaintiff of preventive treatment, education, and renal diet to slow down

plaintiff's progression of chronic kidney disease and prevent the possibility of dialysis.

## Count II

### Plaintiff was Denied Due Process
### Under the Fourteenth Amendment

58.    Plaintiff incorporates paragraphs 1 through 52 as though they were stated fully herein.

59.    Defendants Gullick, Idaho Nephrology Associates, Adcox and Roberts violated

Plaintiff's Fourteenth Amendment rights to Due Process by continuously depriving

plaintiff the community standard of care to his serious medical needs from June 2019 to

November 23, 2022.

60.    Defendants Gullick, Idaho Nephrology Associates, Adcox and Roberts violated

plaintiff's Fourteenth Amendment rights to Due Process by continuously depriving

plaintiff preventive treatment, education, and renal diet to slow down plaintiff's

progression of his chronic kidney disease and prevent the possibility of dialysis.

## Count III

### Plaintiff suffered Intentional Infliction of Emotional Distress
### Subjected him to Cruel and Unusual Punishment
### In violation of the Eight Amendment to the Constitution

61.    Plaintiff incorporates paragraphs 1 through 52 as though they were stated fully herein.

62.    In the actions of defendants Gullick, Idaho Nephrology Associates, Adcox

and Roberts delineated within these paragraphs I through 52 herein, plaintiff has

suffered as the result of the actions of defendants the intentional infliction of severe

emotional distress. In any ordinary or normal sense, defendants intended to inflict severe

mental or emotional distress upon plaintiff, and there are a special relationship existing

between the plaintiff, the defendants, and the defendants jointly and severally caused

such distress. The nature and extent of the acts of defendants were of such egregious

transgression of the bounds of socially tolerable conduct that exceeded any reasonable

limit of social toleration. The quality of emotional distress upon plaintiff includes such

mental reactions as fright, humiliation, embarrassment, anger, disappointment and

worry.

63.    The emotional distress suffered by plaintiff is severe. The intensity and duration of the

distress are factors in determining its severity. While physical manifestations are

evidence of severe emotional distress, it is the distress that must be severe and not the

physical manifestations. The emotional distress is such that a reasonable person of

ordinary sensibilities would suffer under the circumstances. Plaintiff's distress is neither

unreasonable nor exaggerated, and results from a particular susceptibility.

## VI. PRAYER FOR RELIEF

WHERERFORE, plaintiff respectfully prays that this Court:

a.  Declare that the acts and omissions described herein violated plaintiff's rights under the Constitution and laws of the United States.

b.  Enter judgment in favor of plaintiff for declaratory, compensatory, nominal, and punitive damages, as allowed by law, against each defendant, jointly and severally.

c.  Order such additional relief as this Court may deem just and proper.

Dated this 22nd, day of May 2025

_Reginald Marcel Johnson SID# 17690471_

## VII. VERIFICATION

Pursuant to 28 U.S.C. § 1746, I Reginald M. Johnson, declare and verify, under penalty of perjury under the laws of the United States of America, that I have read the foregoing and that it is true and correct to the best of my knowledge and belief.

Dated this 22nd, day of May 2025

_Reginald Marcel Johnson SID# 17690471_

# CERTIFICATE OF SERVICE

CASE NAME: _____Johnson_____ v. _____Gullick et. al._____

CASE NUMBER: (if known) _____2:24-cv-00941-AR_____

COMES NOW, _____Reginald M. Johnson_____, and certifies the following:

That I am incarcerated by the Oregon Department of Corrections at Two Rivers Correctional Institution. (TRCI)

That on the __22nd__ day of __May__, 20 __25__, I personally gave Two Rivers Correctional Institution's e-filing service a true copy OF THE FOLLOWING:

| | |
|---|---|
| 1. | Motion for Leave to file Amended Complaint (2pgs) |
| 2. | Amended Complaint (16pgs) |
| 3. | |
| 4. | |
| 5. | |
| 6. | |
| 7. | |
| 8. | |
| 9. | |

_____Reginald M. Johnson_____
(Signature)

Print Name: _____Reginald M. Johnson_____

SID #: _____17690471_____